Titus County - District Clerk

Filed 8/31/2021 4:48 PM
Marcus Carlock
District Clerk
Titus County, Texas

Sharolyn Redar

## CAUSE NO.: 42202

| | | |
|---|---|---|
| **JOSHUA BROWN** | § | **IN THE COURT OF** |
| *Plaintiff,* | § | |
| | § | |
| **v.** | § | _____ **DISTRICT COURT** |
| | § | |
| **MOUNT WASHINGTON** | § | |
| **VALLEY TOWING, LLC and** | § | |
| **WALTER O. WARD** | § | |
| *Defendants.* | § | **TITUS COUNTY, TEXAS** |

### PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, JOSHUA BROWN ("Plaintiff"), by and through his attorney of record, complaining of MOUNT WASHINGTON VALLEY TOWING, LLC and WALTER O. WARD ("Defendants"), and for cause(s) of action would respectfully show unto this Honorable Court and Jury as follows:

### DISCOVERY CONTROL PLAN

1.     Pursuant to Rule 190.1 of the Texas Rules of Civil Procedure, Plaintiff hereby expresses his intent for discovery in this case to be conducted under Rule 190.3 (Level 2).

### CLAIM FOR RELIEF

2.     Pursuant to TEX. R. CIV. P. Rule 47, Plaintiff seeks monetary relief over $1,000,000.

### PARTIES

3.     **Plaintiff,** JOSHUA BROWN, is an individual natural person who resides in and at all times relevant in Bowie County, Texas.

4.     **Defendant,** MOUNT WASHINGTON VALLEY TOWING, LLC is a New Hampshire company operating within the State of Texas. It may be served at its business address, 707 E. Conway Road Center, Conway, New Hampshire, 03813, or wherever it may be

EXHIBIT

3

exhibitsticker.com

found.

### ***CITATION FOR SERVICE IS REQUESTED AT THIS TIME***

5.     **Defendant,** WALTER O. WARD, is an individual natural person who resides in and at all times relevant in Oxford County, Maine.  He may be served at 379 Menotomy Road, Apt. 4, Fryeburge, Maine, 04037 or wherever he may be found.

### ***CITATION FOR SERVICE IS REQUESTED AT THIS TIME***

### VENUE AND JURISDICTION

6.     Pursuant to §15.002(a)(1) of the Texas Civil Practice & Remedies Code, venue is required in Titus County, Texas because all or a substantial part of the events or omissions that gave rise to this lawsuit occurred in Titus County, Texas.

7.     The subject matter in controversy is within the jurisdictional limits of this court. This court has jurisdiction over the parties because the accident occurred in the State of Texas.

### FACTUAL BACKGROUND

8.     On or about May 4, 2021, while traveling east on IH-30, Defendant WARD failed to control its speed and rear-ended Plaintiff's vehicle.  Defendant WARD was cited at the scene of the accident for failing to control speed and causing the collision. As a result of this collision, Plaintiff suffered severe injuries. Plaintiff sought and continues to receive reasonable and necessary medical treatment for his injuries caused by this accident.

### COUNT 1-NEGLIGENCE

9.     At the time of the collision, Defendant WARD was operating his vehicle negligently. Defendant WARD had a duty to exercise ordinary care and operate his respective

vehicle reasonably and prudently. Defendant WARD's negligence was a proximate cause of Plaintiff's injuries. Defendant WARD breached the duty of reasonable care in one or more of the following ways:

    a. Failure to timely apply the brakes;

    b. Failing to maintain a proper lookout;

    c. Failing to maintain a proper speed;

    d. Failing to take appropriate evasive action to avoid the collision;

    e. Failure to maintain an assured clear distance between two vehicles;

    f. Failure to maintain a single lane;

    g. Failure to change lanes when safe;

    h. Failing to keep the vehicle under proper control; and

    i. Failing to act as a reasonable person using ordinary care in the same or similar circumstances.

## COUNT 2 – NEGLIGENCE PER SE

10. In addition to other counts, Defendant WARD's negligence described in Count 1 violated the Texas Transportation Code.

11. Specifically, Defendant WARD violated:

    i. Texas Transportation Code §545.062(a), which imposes a duty on drivers to maintain a safe distance between two vehicles;

    ii. Texas Transportation Code §545.351, which imposes a duty on drivers to operate a motor vehicle at a speed that is reasonable and prudent under the conditions and with regard to actual and potential hazards then existing and at a speed necessary to avoid colliding with any person, vehicle or other conveyance; and

      iii. Texas Administrative Code §15.89, which constitutes failure to control speed as a moving violation.

12.    The Texas Transportation Code and Texas Administrative Code are designed to protect a class of person to which Plaintiff belongs against the type of injury suffered by Plaintiff.

13.    Texas Transportation Code §545.062(a) and §545.531 are of the type that impose tort liability.

14.    Defendant WARD's violations of Texas Transportation Code §545.062(a), §545.531, AND Texas Administrative Code §15.89, proximately caused injury to Plaintiff, which resulted in Plaintiff suffering damages.

## COUNT 3—NEGLIGENT ENTRUSTMENT

15.    **Negligence, Defendant Vehicle Owner:** At all relevant times, Defendant, MOUNT WASHINGTON VALLEY TOWING, LLC was the owner of the subject vehicle, as well as the responsible entity of driver WARD. Further, WARD was acting within the course and scope of his responsibilities with/to MOUNT WASHINGTON VALLEY TOWING, LLC at the time of the incident in question.

16.    **Negligent Entrustment, Defendant, MOUNT WASHINGTON VALLEY TOWING, LLC:** Plaintiff further alleges that Defendant, MOUNT WASHINGTON VALLEY TOWING, LLC negligently entrusted its vehicle, duties, and responsibilities to Defendant WARD because Defendant MOUNT WASHINGTON VALLEY TOWING, LLC knew and/or had reasons to know that Defendant WARD was not a safe and prudent driver.

## COUNT 4—GROSS NEGLIGENCE

17.     Alternatively, the acts and/or omissions by Defendants outlines in this Petition constitutes gross negligence as that term is define in §41.001(11) TEXAS CIVIL PRACTICE & REMEDIES CODE. Each of these acts and/or omissions, whether taken singularly or in any combination, constitutes gross negligence which proximately caused the incident and/or occurrence and injuries and other losses as specifically set forth herein, all of which Plaintiff suffered and which Plaintiff will continue to suffer in the future, if not for the remainder of his natural life.

18.     When viewed objectively from the standpoint of Defendants, their conduct involves an extreme degree of risk, considering the probability and magnitude of potential harm to others in allowing Defendant WARD to operate the vehicle owned by Defendant, MOUNT WASHINGTON VALLEY TOWING, LLC including the Plaintiff.  Defendants conduct is objectively wrong and involves a high degree of culpable conduct. Such gross negligence was an actual and a proximate cause of the incident and the resulting injuries and damages suffered by Plaintiff.

## COUNT 5—RESPONDEAT SUPERIOR

19. The elements of liability under the theory of respondeat superior are the following:

    a.     The Plaintiff was injured as the result of a tort;

    b.     The tortfeasor was an employee of Defendant;

    c.     The tort was committed while the employee was acting within the scope of employment—that is, the act was

        **i.**     Within the employee's general authority;

        **ii.**     In furtherance of the defendant's business; and

        **iii.**     For the accomplishment of the object for which the employee was hired.

*Minyard Food Stores v. Goodman*, 80 S.W.3d 573, 577 (Tex. 2002).

20.    Plaintiff has asserted damages in this matter for injuries she suffered as the result of a motor vehicle accident that occurred on May 4, 2021.

21.    Defendant WARD was an employee of Defendant MOUNT WASHINGTON VALLEY TOWING, LLC at the time of the accident made the basis of this suit.

22.    Defendant WARD was acting within his scope of employment at the time of this accident, as he was operating the vehicle involved in this accident on behalf and in furtherance of business for Defendant MOUNT WASHINGTON VALLEY TOWING, LLC.

## COUNT 6—NEGLIGENT HIRING, SUPERVISION, TRAINING AND RETENTION

23.    The elements of negligent hiring, supervising, training or retaining an employee are the following:

   a.   The employer owed the plaintiff a legal duty to hire, supervise, train, or retain competent employees;

   b.   The employer breached that duty;

   c.   The breach proximately caused the plaintiff's injury.

*ExxonMobil Corp. v. Pagayon,* 467 S.W.3d 36, 43 (Tex. App.—Houston [14th Dist.] 2015, pet. argued 12-6-16).

24.    Defendant MOUNT WASHINGTON VALLEY TOWING, LLC owed Plaintiff a legal duty hire, supervise, train and retain competent and qualified employees.

25.    Defendant MOUNT WASHINGTON VALLEY TOWING, LLC breached this duty by failing to properly training Defendant WARD, properly continue to train Defendant WARD, ensure Defendant WARD complied with the applicable CDL and TDL operation

procedure and properly supervise Defendant WARD's operation of vehicles on behalf of Defendant MOUNT WASHINGTON VALLEY TOWING, LLC.

26.     As a result of Defendant MOUNT WASHINGTON VALLEY TOWING, LLC's breach, Plaintiff suffered injuries.

## PLAINTIFF'S CLAIM FOR DAMAGES

27.     Plaintiff suffered multiple injuries in the collision.  Plaintiff respectfully requests the trier of fact to determine the amount of the damages he has incurred in the past and will reasonably incur in the future, as well as the monetary value of these damages.  These injuries have caused him to suffer, and will very likely continue causing him to suffer, the following damages:

a.     Physical pain and suffering, beginning May 4, 2021 and into the future;

b.     Mental anguish, beginning May 4, 2021 and into the future;

c.     Physical disfigurement, beginning May 4, 2021 and into the future;

d.     Physical impairment, beginning May 4, 2021 and into the future;

e.     Diminished capacity to enjoy life and society, beginning May 4, 2021 and into the future;

f.     Reasonable and necessary medical expenses, beginning May 4, 2021 and into the future;

g.     Lost wages; beginning May 4, 2021 and into the future;

h.     Loss of earning capacity which will in all likelihood persist for the rest of his life; and

i.     Property damage to his vehicle.

## REQUIRED DISCLOSURE

28.     Pursuant to Texas Rule of Civil Procedure 194(a), each Defendant is required to disclose, within thirty (30) days of the filing of the first answer, the information or material described in Rule 194.2(b)1-12.  Any Defendant that is served or otherwise joined after the filing of the first answer must make their initial disclosures within thirty (30) days after being served or joined.

**PRAYER**

WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully prays that Defendants be cited to appear and answer herein, and that upon final hearing of the cause, judgment be entered for the Plaintiff against Defendants for damages in an amount within the jurisdictional limits of the court, together with pre-judgment interest at the maximum rate allowed by law post-judgment interest at the legal rate, costs of court, and such other and further relief to which the Plaintiff may be entitled at law or in equity.

Respectfully submitted,
**RAMJI LAW GROUP**

Chelsea Murfree
Texas Bar No. 24107873
Adam Ramji
Texas Bar No. 24045209
9186 Katy Freeway
Houston, Texas 77055
Telephone:  (713) 888-8888
Facsimile:  (866) 672-3372
**E-service only:   service@ramjilaw.com**

**ATTORNEYS FOR PLAINTIFF**

## Automated Certificate of eService

This automated certificate of service was created by the efiling system.
The filer served this document via email generated by the efiling system
on the date and to the persons listed below. The rules governing
certificates of service have not changed. Filers must still provide a
certificate of service that complies with all applicable rules.

Chelsea Murfree
Bar No. 24107873
cmurfree@calltheram.com
Envelope ID: 56843013
Status as of 9/1/2021 8:33 AM CST

Associated Case Party: JOSHUA BROWN

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Adam Ramji | | service@ramjilaw.com | 8/31/2021 4:48:05 PM | SENT |